IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01795-PAB-MEH

MAULANA MODIBO EUSI,

      Plaintiff,

v.

R. MARTINEZ and
D. ROY,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court are Defendants' Motion to Dismiss [filed November 22, 2010; docket #27] and Plaintiff's Motion for Leave to File an Amended Complaint [filed December 20, 2010; docket #41]. The motions are referred to this Court for recommendation. (Dockets ##28, 42.) The matters are briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Motion for Leave be **DENIED** as futile.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## BACKGROUND

Plaintiff is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this *Bivens* lawsuit *pro se* by filing a Complaint on July 29, 2010. (Docket #3.) Plaintiff then filed an Amended Complaint on September 17, 2010, which is the governing pleading. (Docket #10.) Plaintiff sues both Defendants in their individual capacities and brings six claims asserting denials of procedural due process. (*Id*. at 8-10.)

The facts of this lawsuit arise from two separate series of events: the seizure of an educational manual and the disposal of personal property by prison staff. Plaintiff ordered a "NATE Manual" from the Refrigeration Service Engineers Society ("RSES") sometime in August 2009. (*Id*. at 3.) The following month, Plaintiff received a letter from RSES indicating that the manual was mailed then returned. (*Id*.) Plaintiff immediately filed an "administrative complaint protesting the disallowance of [his] NATE manual; and, defendants failure to provide [him] with notice, a reason, and an opportunity to protest." (*Id*. at 4.) Plaintiff contends that the two named Defendants made the decision to seize and return the NATE manual. (*Id*.) The Defendants denied Plaintiff's administrative complaint on October 15, 2009. (*Id*.) Plaintiff again complained about the seizure and return of the NATE manual directly to Defendant Martinez on November 19, 2009. (*Id*. at 5.) Plaintiff had the opportunity, both before he originally ordered the NATE manual and after it was rejected, to contact the Post Secondary Education Coordinator to have it approved and delivered in an appropriate manner. (*Id*. at 38, 42.)

Plaintiff also asserts that Defendants had previously confiscated his personal property on November 27, 2007. (*Id*. at 7.) Plaintiff recounts that he filed an administrative complaint regarding this confiscation on April 9, 2008. (*Id*. at 6.) Defendants denied this complaint on May 2, 2008, on

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

the basis that Plaintiff had excess property.  (*Id.* at 7.)  Pursuant to policy, Plaintiff was given 120 days to provide for postage and an address to which the excess property could be mailed.  (*Id.* at 52.) Plaintiff failed to do so, and as a result, his property was disposed of.[2]  (*Id.*)  On May 16, 2008, Plaintiff appealed to the Bureau's Regional Director who affirmed the decision to dispose of the excess property.  (*Id.* at 53-55.)  Finally, on July 15, 2008, Plaintiff appealed to the Central Office. (*Id.* at 56-58.)  All previous decisions were again affirmed.  (*Id.*)

Plaintiff believes that his Fifth Amendment right to procedural due process was violated by the following: 1) Defendants' refusal to deliver the NATE manual to Plaintiff; 2) Defendants' failure to provide to Plaintiff notice, reason, and opportunity to protest the withholding of the NATE manual; 3) Defendants' review and denial of Plaintiff's complaint against them; 4) Defendants' failure to investigate the disallowance of the NATE manual; 5) Defendants' confiscation of Plaintiff's personal property, then review and denial of Plaintiff's complaint against them; and 6) Defendants' failure to investigate the complaint regarding the confiscation of Plaintiff's personal property.

Defendants responded to Plaintiff's Amended Complaint on November 22, 2010, with the motion to dismiss presently before the Court.  (Docket #27.)  Defendants believe that Plaintiff fails to state a claim upon which relief can be granted for two primary reasons: 1) a proper administrative remedy is available for Plaintiff's claim regarding the delivery of the NATE manual; and 2) Defendants are entitled to qualified immunity from Plaintiff's allegations that they failed to follow prison regulations or policies, failed to deliver the NATE manual, and improperly confiscated Plaintiff's personal property.

---

[2]Defendants do not raise a statute of limitations defense in their motion to dismiss.

Plaintiff contemporaneously filed a response to the motion to dismiss and the motion for leave to amend also before the Court.  (Dockets ##41, 42.)  In his response, Plaintiff restates the factual allegations enumerated in his Amended Complaint.  Plaintiff further explains that he had previously received two manuals from RSES, before the NATE manual.  (Docket #42 at 2-3.)  Plaintiff had obtained permission to receive the prior two manuals from the "assistant supervisor of education."  (*Id*. at 2.)  Plaintiff used the two manuals to study for examinations proctored by the education department; Plaintiff intended to use the NATE manual as a study guide for an additional set of exams.  (*Id*. at 3.)  Plaintiff included a "Statement of Disputed Factual Issues" with his response.  (Docket #43.)  Plaintiff cites no case law or administrative regulation in support of his position.

In the motion for leave to amend, Plaintiff states that the proposed amendment clarifies that he is suing Defendants in their individual and official capacities.  (Docket #41 at 2.)  Review of the proposed Second Amended Complaint indicates to the Court that the remainder of the proposal is identical to the Amended Complaint presently governing this proceeding.

Defendants filed a concurrent reply in support of their motion to dismiss and response to Plaintiff's motion for leave to amend.  (Docket #47.)  Defendants appear to believe that the proposed amendment abandons Plaintiff's First Amendment claims and raises new claims pursuant to the Fifth Amendment.  (*Id*. at 2.)  The Court is somewhat perplexed by this position, as it is clear in the Amended Complaint (and by Defendants' motion to dismiss) that Plaintiff did not assert claims pursuant to the First, but Fifth Amendment.  Moreover, although Defendants reemphasize their position that Plaintiff's claim regarding the non-delivered NATE manual fails due to the existence of other administrative remedies, Defendants apply this reasoning to Plaintiff's claim regarding his confiscated personal property as well.  The attachments to Plaintiff's Amended Complaint

demonstrate that Plaintiff exhausted administrative remedies as to this claim.  (Docket #10 at 52 (May 2, 2008 denial), 55 (June 23, 2008 denial), 58 (October 3, 2008 denial).)  In any event, the adequacy of Defendants' joint response and reply has minimal bearing on the ultimate outcome of this matter, which the Court premises in large part on the arguments raised in Defendants' motion to dismiss.

## STANDARD OF REVIEW

### I.      Construction of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).  A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.      Rule 12(b)(6): Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has

6

made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

### I.      Qualified Immunity

Defendants assert an entitlement to qualified immunity.  Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement to not stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted).  The privilege is an immunity from suit rather than a mere defense to liability. *Id.*  When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court recently discarded a review process that required courts to examine the elements of qualified immunity sequentially, first considering whether a right had been violated, and then second - if the court concluded a right had been violated - whether that right was clearly established at the time of the alleged violation. *Pearson,* 129 S. Ct. at 816-22. *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

Here, the Court first evaluates whether Plaintiff's assertions regarding the confiscation of his personal property state a cognizable constitutional violation. Next, the Court analyzes the claims regarding the NATE manual. The Court concludes that the confiscation and subsequent destruction of Plaintiff's excess property was proper and consistent with established regulations, and Plaintiff failed to utilize alternate administrative remedies in order to permissibly obtain the NATE manual before filing suit. As this conclusion implicates no constitutional violation on part of the Defendants, the Court finds that Defendants are entitled to qualified immunity.

A.      Confiscation of Personal Property

1.      *Dual Review Procedure*

Plaintiff contends that the Defendants making both the initial decision and first review of the decision to confiscate his personal property violated his Fifth Amendment right to procedural due process. (Docket #10 at 10.) "To set forth an actionable procedural due process claim, a plaintiff must demonstrate: (1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded." *Stears v. Sheridan Cnty. Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir. 2007). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation marks and citations omitted).

 Plaintiff fails to cite any administrative regulation or other authority indicating that the processing of an initial decision and a first review of that decision by the same individuals is improper. The Court believes that providing administrators with the first opportunity to review and correct any potential mistakes is reasonable and efficient. Furthermore, the multi-step grievance procedure with an appeals process would correct any potential deficiency arising from the first initial review. Thus, the Plaintiff fails to provide any factual allegations that sufficiently demonstrate how

the review process by the Defendants of his complaint regarding the confiscation of Plaintiff's property violated Plaintiff's right to due process.

2.     *Excess Property Policy*

Plaintiff challenges the confiscation of his excess property as a violation of his constitutional right to property.  Plaintiff believes the seizure of his papers and the destruction of the seized papers in the absence of Plaintiff providing an alternate location and money for mailing are in contravention of the law.  The Court disagrees.

In *Searcy v. Simmons*, the Tenth Circuit explained how "it is well-settled that '[w]hile an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison." 299 F.3d 1220, 1229 (10th Cir. 2002) (citation omitted).  The Tenth Circuit agreed with the lower court's reasoning in that matter, in that "the requirements of procedural due process were met when the prison authorities provided [the prisoner plaintiff] the opportunity to dictate where to send the property" that the authorities had confiscated.  *Id*.  The *Searcy* Court acknowledged federal prison regulations providing for the destruction of property in the absence of a mailing address for the return of the seized property.  *Id*. (regulation citations omitted).

In *Cosco v. Uphoff*, the Tenth Circuit utilized the Supreme Court's analysis in *Sandin v. Conner* to determine that state prison regulations regarding the type and quantity of individual possession in prison cells were valid.  195 F.3d 1221, 1224 (10th Cir. 1999) (citing 515 U.S. 472, 486 (1995)).  The *Sandin* test requires the Court to determine whether "the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'"  *Id*.  Importantly, the Tenth Circuit had previously concluded that "a prison rule limiting the amount of legal material that a prisoner could

retain in his cell was reasonable and necessary and did not violate the constitutional right of access to the Courts." *Clemmons v. Davies*, 86 F.3d 1166, 1996 WL 282283, at *3 (10th Cir. 1996) (unpublished). In *Clemmons*, the court cited to a previous decision in which it agreed with a lower court's determination that "the prison rules permitting inmates two cubic feet of legal materials in their cells were 'reasonable and necessary for orderly maintenance of the facility and proper security.'" *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992).

Here, Plaintiff had papers, including legal documents, and soft cover books in excess of the permissible two cubic feet policy enforced by the correctional facility at issue. (Docket #10 at 55.) On November 27, 2007, Plaintiff was notified that he needed to provide stamps and an address to which his excess property could be mailed. (*Id.*) His property was stored until April 23, 2008. (*Id.*) It was then disposed of pursuant to established procedure, having exceeded the 120 day holding period.[3] (*Id.*)

Defendants afforded Plaintiff the appropriate due process before seizing his papers by providing Plaintiff with the opportunity to mail the papers elsewhere. This process, and the validity of the regulation permitting no more than two cubic feet of paperwork in prison cells, demonstrate to the Court that the confiscation, and subsequent destruction, of Plaintiff's property is a permissible exercise of discretion in the handling of prison affairs.[4] In light of the Tenth Circuit's established

---

[3]Plaintiff included numerous exhibits to his Amended Complaint, which the Court considers in small part in this recommendation. Consideration of these materials included with Plaintiff's pleading does not convert the motion to dismiss to a motion for summary judgment. *Cf. GFF Corp. v. Associated Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[4]Prison officials retain great discretion in the handling of prison affairs, for the purpose of managing prisons safely and effectively. *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976).

analysis of the regulation and procedure at issue, the Court finds Plaintiff has not stated a plausible claim for relief regarding the confiscation of his excess property.

B.    The Return of the NATE Manual

"[T]he courts . . . should not create *Bivens* remedies when the design of a [g]overnment program suggests that Congress has provided what it considers to be adequate remedies for constitutional violations." *Schweiker v. Chilicky*, 487 U.S. 412, 412-413 (1988). In fact, "the Supreme Court has refused to imply a *Bivens* cause of action when there are alternative administrative remedies." *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1105 (10th Cir. 2005) (citing *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). Thus, "[w]here [an] administrative remedy is clearly available, it would be totally inappropriate for th[e] court to interfere in the internal administration of the prison." *Mower v. Swhyhart*, 545 F.2d 103, 104 (10th Cir. 1976) (claim dismissed because delivery of the materials by authorization of the prison's education department was possible).

Only when all possible administrative remedies have been exhausted with respect to prison conditions may a federal court consider such a claim. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also York v. Fed. Bureau of Prisons*, 379 F. App'x 737, 740 (10th Cir. 2010). Prison conditions for this purpose include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

Here, as in *Mower*, an administrative remedy of receiving authorization for the educational materials that the Plaintiff wished to review was and still is available. 545 F.2d at 104. Plaintiff had the opportunity, both before he originally ordered the NATE manual and after it was rejected, to contact the Post Secondary Education Coordinator to have it approved and delivered in an

11

appropriate manner.  (Docket #10 at 38, 42.)  Plaintiff failed to utilize the alternate administrative remedies in order to permissibly obtain the NATE manual before filing suit.  Thus, Plaintiff is not entitled to relief at this time.

C.      Summary

Plaintiff presented no authority in support of his proposition that the initial dual review procedure of the confiscation of his personal property was improper, and Tenth Circuit jurisprudence demonstrates that control of the amount of papers an inmate has in his or her cell by the correctional facility does not violate the Fifth Amendment.  Therefore, Plaintiff has not stated a cognizable claim regarding the confiscation of his personal property.  Additionally, Plaintiff has not exhausted administrative remedies in regards to the NATE manual.  As Plaintiff fails to demonstrate on the facts alleged that Defendants violated his constitutional rights, the Court finds that Defendants are entitled to qualified immunity.  All claims related to the confiscation of Plaintiff's personal property should be dismissed with prejudice, and all claims related to the NATE manual should be dismissed without prejudice.[5]

II.     **Leave to Amend**

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).  Here, amendment would not cure the deficiencies stated above.  However, the Court again notes that Plaintiff's claim regarding denial of the NATE manual should be dismissed without prejudice, as Plaintiff may re-file, if necessary and appropriate, after exhausting all administrative remedies.

---

[5]If, after utilizing the administrative approval process for his receipt of the manual, the manual is again withheld, Plaintiff may re-file at that time, provided that he satisfies all jurisdictional requirements.

The proposed amendment described in Plaintiff's motion for leave prompts no different result. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Plaintiff, in the motion for leave, seeks to sue defendants in their official as well as their individual capacities. (Docket #41 at 2.) It is well-settled that a *Bivens* lawsuit is not possible against individuals in their official capacity, because sovereign immunity has not been waived. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing *FDIC. v. Meyer*, 510 U.S. 471, 483-86 (1994)) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). Thus, the Court determines that Plaintiff's motion for leave should be denied as futile.

## CONCLUSION

Plaintiff fails to state a cognizable claim for relief against Defendants in his Amended Complaint, and the noted deficiencies would not be cured by amendment. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Leave to File an Amended Complaint [filed December 20, 2010; docket #41] be **DENIED** and Defendants' Motion to Dismiss [filed November 22, 2010; docket #27] be **GRANTED** as stated herein. Claims One, Two, Three, and Four arising out of the receipt and return of the NATE manual should be dismissed without prejudice, and Claims Five and Six arising from the confiscation of Plaintiff's personal property should be dismissed with prejudice.

Respectfully submitted at Denver, Colorado, this 7th day of June, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

13