IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01795-PAB-MEH

MAULANA MODIBO EUSI,

     Plaintiff,

v.

R. MARTINEZ and
D. ROY,

     Defendants.

---

## ORDER

---

     This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 59] filed on June 7, 2011.  The

magistrate judge recommends that defendants' motion to dismiss [Docket No. 27] be

granted and plaintiff's motion for leave to amend plaintiff's complaint [Docket 41] be

denied.  Plaintiff filed timely objections to the Recommendation [Docket No. 68].

Therefore, the Court will "determine de novo any part of the magistrate judge's

disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In light of

plaintiff's pro se status, the Court must review plaintiff's filings liberally, *see Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991), but the Court may not act as an advocate for a pro se litigant.  *See Hall*, 935

F.2d at 1110.

## I.  BACKGROUND

     Plaintiff is incarcerated at the United States Penitentiary in Florence, Colorado

("USP") and has sued defendants, who are both corrections officers at USP, for alleged violations of his constitutional rights, invoking the Court's jurisdiction pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although plaintiff asserts six claims for relief, all of which allege a denial of procedural due process in violation of the Fifth Amendment, the factual allegations relate to two alleged deprivations of his Fifth Amendment rights.[1]

## II. DISCUSSION

### A. Denial of NATE Manual (Claims 1-4)

Plaintiff first alleges that defendants violated his procedural due process rights when they would not permit plaintiff to receive a North American Technician Excellence Residential and Light Commercial HVACR Service Technician Reference Manual ("NATE Manual"). *See* Docket No. 10 at 3; Docket No. 10 at 17.[2] Plaintiff contends that defendants did not provide "written notice, a reason, and an opportunity to protest

---

[1]Defendants have asserted the defense of qualified immunity. Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden," *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008), of showing (1) that "the defendant's actions violated a constitutional or statutory right." *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)), and (2) that the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[2]"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted). Plaintiff, however, refers to a number of documents in his complaint and has attached them thereto, and the Court may therefore consider them. *See id.* (providing that the limited exceptions to the general rule regarding assessment of a complaint's sufficiency are "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'") (citations omitted).

their disallowance of [the] NATE Manual."  Docket No. 10 at 8.  Plaintiff also asserts

that it was improper for defendants, who made the original decision to deny the NATE

Manual, to review and deny plaintiff's administrative complaint regarding that denial

without investigation.  *See* Docket No. 10 at 9.

"A due process claim under the Fourteenth Amendment can only be maintained

where there exists a constitutionally cognizable liberty or property interest with which

the state has interfered."  *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).

Plaintiff only presents facts regarding the nature of the procedures implemented.  The

complaint contains no allegations that would support the conclusion that the deprivation

of the NATE Manual constituted "an atypical and significant hardship . . . in relation to

the ordinary incidents of prison life."  *Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir.

2010) (interpreting *Sandin v. Conner*, 515 U.S. 472 (1995), as extending the "atypical

and significant hardship" analysis to property interest due process claims); *see*

*Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2011 WL 940803, at *9 (D. Colo.

March 16, 2011) ("As cases like *Cosco* [*v. Uphoff*, 195 F.3d 1221 (10th Cir.1999)] make

clear, prison officials are granted broad discretion in deciding how much and what kinds

of personal property inmates can possess, and in the absence of evidence that the

[prison's] policies applicable to the Plaintiff are so extreme and parsimonious that they

fall outside the scope of typical prison property rules, the inquiry ends there.").[3]

---

[3]Liberally construed, plaintiff's filings can be read to argue that a property interest
arose from prison regulations.  *See, e.g.*, Docket No. 68 at 8 (arguing that defendants
violated their own policy in denying the NATE Manual).  As the Tenth Circuit made clear
in *Clark*, the Supreme Court in *Sandin* "shift[ed] the focus of the inquiry from the
language of the regulation to whether the punishment 'imposes atypical and significant
hardship on the inmate in relation to the ordinary incidents of prison life.'"  625 F.3d at

Furthermore, although he does not expressly invoke the First Amendment, plaintiff references "censorship" in his objections and reply to defendants' response to his objections and cites case law addressing a First Amendment challenge.[4] "Correspondence between a prisoner and an outsider implicates the guarantee of freedom of speech under the First Amendment and a qualified liberty interest under the Fourteenth Amendment." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). The "First Amendment protects a prisoner's right to receive mail." *Frazier v. Ortiz*, 417 F. App'x 768, 773 (10th Cir. 2011) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Regulation of mail, however, is permissible so long as it is "'reasonably related to legitimate penological interests.'" *Thornburgh*, 490 U.S. at 409 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see Turner*, 482 U.S. at 89 (outlining factors to weigh when assessing whether a regulation is reasonable).[5]

Plaintiff does not allege that the regulations cited by defendants as preventing delivery of the NATE Manual are not "reasonably related to legitimate penological

---

691.

[4]Although the Recommendation stated that "it is clear in the Amended Complaint (and by Defendants' motion to dismiss) that Plaintiff did not assert claims pursuant to the First" Amendment, Docket No. 59 at 4, defendants addressed plaintiff's allegations pursuant to the First Amendment in their motion to dismiss, reply, and response to plaintiff's objections to the Recommendation.

[5]The Court notes that it is far from clear that a *Bivens* action can arise out of an alleged First Amendment violation. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1948 (2009) ("[W]e have declined to extend Bivens to a claim sounding in the First Amendment. Petitioners do not press this argument, however, so we assume, without deciding, that respondent's First Amendment claim is actionable under *Bivens*.") (citation omitted).

interests."[6]  Rather, plaintiff contends that defendants misapplied those regulations to the NATE Manual.  Plaintiff, however, alleges no facts indicating that, even if defendants rejected the manual on this one occasion in error, their conduct rose to a constitutional violation.  *See Davis v. Scherer,* 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."); *see also Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant.  It cannot be predicated upon negligence.") (quotations and citations omitted) (emphasis in original); *cf. Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) ("Defendants admitted to opening one piece of Smith's constitutionally protected legal mail by accident.  Such an isolated incident, without any evidence of improper motive or resulting interference with Smith's right to counsel or to access to the courts, does not give rise to a constitutional violation.").

Furthermore, in this case, plaintiff has submitted material demonstrating that prison officials did not absolutely ban the NATE Manual.  Rather, he was instructed to apply for permission from the Postsecondary Education Coordinator to participate in the educational course.  *See* Docket No. 10 at 38.  Plaintiff does not allege that he applied for such permission.  Although plaintiff argues that the denial of his manual forecloses

---

[6]The Court notes that the Tenth Circuit has found that a county jail's ban on receipt of "technical publications" "passes constitutional muster."  *Jones v. Salt Lake County*, 503 F.3d 1147, 1156 (10th Cir. 2007), and that its "paperback book policy, which allows inmates to obtain paperback books from the jail library and, with permission, the publisher, is rationally related to the legitimate governmental objective of prison security."  *Id.* at 1158.

this alternative remedy, *see* Docket No. 68 at 11; *see also* Docket No. 72 at 2, the

materials he supplies with his complaint indicate that there is a mechanism by which he

can still receive permission for such educational materials.  *Cf. Mower v. Swyhart*, 545

F.2d 103, 104 (10th Cir. 1976) (noting that "it appears that no right of appellant to

receive educational material has been irrevocably lost" because, "[i]n response to his

request for administrative remedy, appellant was specifically informed that if he would

send his request for the correspondence course catalogue to the education department,

receipt of such mail would be authorized," and concluding that "[w]here such

administrative remedy is clearly available, it would be totally inappropriate for this court

to interfere in the internal administration of the prison").[7]  Under these circumstances,

the Court concludes that plaintiff has failed to allege facts sufficient to state a

constitutional violation arising out of the return of his NATE Manual.  Defendants are

entitled to qualified immunity on claims 1 through 4.

### B.  Confiscation and Destruction of Personal Property (Claims 5-6)

Plaintiff also contends that defendants failed to afford adequate process before

destroying certain personal property because defendants, who made the original

decision to confiscate the property, also reviewed and denied plaintiff's administrative

complaint regarding that denial without investigation.  *See* Docket No. 10 at 10; *see*

*also* Docket No. 68 at 3 ("In Claim 5 of my complaint[,] my sole contention is that the

defendants made the original decision to confiscate my personal property, and then

---

[7]Furthermore, plaintiff has not alleged that any other forms of communications
have been restricted.  *See Turner*, 482 U.S. at 90 (stating that courts should consider
"whether there are alternative means of exercising the right that remain open to prison
inmates").

reviewed, allegedly investigated (Claim 6), and denied my administrative protest which challenged their confiscation of my personal property."). In his complaint, plaintiff does not describe the property defendants confiscated and later destroyed. In the documents attached to the complaint, however, plaintiff references a manuscript on which plaintiff had been working for eleven years and more than 200 poems plaintiff had written over the previous 31 years. *See, e.g.*, Docket No. 10 at 51. Plaintiff does not allege any facts demonstrating that the policy resulted in an "atypical and significant hardship." *See Georgacarakos*, 2011 WL 940803, at *9 ("The Plaintiff-who ultimately bears the burden of proving that this policy poses an "atypical and significant hardship"-has offered no evidence indicating that the "one cubic foot" restriction is atypical of property restrictions found in other high-security institutions, nor does he offer any particular evidence showing that such a restriction poses an unusual hardship for inmates."). In fact, in his objections, plaintiff expressly limits his argument to the process employed and does not provide any facts regarding the effect of the confiscation and destruction on him. *Cf.* Docket No. 68 at 8 ("[M]y claim against the defendants is not about the confiscation and destr[uction] of my personal property, but rather the denial of a fair and impartial redress of my administrative protest regarding their confiscation of my personal property.").

Even if the Court were to assume that destruction of the property implicated a property interest, plaintiff's only challenge to the procedures employed is that defendants both made the initial decision to confiscate the property and then reviewed and denied his administrative complaint without investigation. The documents plaintiff attached to the complaint reveal that, contrary to plaintiff's contention, individuals other

7

than defendants resolved plaintiff's administrative complaints.  *See* Docket No. 10 at 45

(plaintiff's Informal Resolution Form addressed by a counselor named "G. Knox" and

reviewed by the counselor's unit manager); Docket No. 10 at 52 (plaintiff's Request for

Administrative Remedy denied by "R. Wiley, Warden");[8] Docket No. 10 at 55 (plaintiff's

Regional Administrative Remedy Appeal denied by "Michael K. Nalley, Regional

Director"); Docket No. 10 at 58 (plaintiff's Central Office Administrative Remedy Appeal

denied by "Harrell Watts, Administrator"); *cf. Jonathan Pepper Co., Inc. v. Hartford Cas.*

*Ins. Co.*, 381 F. Supp. 2d 730, 732 (N.D. Ill. 2005) ("Documents attached to a pleading

which are inconsistent with the allegations pleaded may be considered as part of the

pleading and result in a plaintiff pleading himself out of court."); *United States ex rel.*

*Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) ("In the

event of conflict between the bare allegations of the complaint and any attached exhibit,

the exhibit prevails.").[9]  Plaintiff, therefore, has failed to plead a viable procedural due

---

[8]Plaintiff contends that the warden referred his Request for Administrative Remedy to defendants for resolution.  Plaintiff, however, does not address the fact that all of his other informal and formal complaints regarding the confiscation of his property were apparently resolved by individuals other than the defendants.  Nor does he address the Recommendation's conclusion that the "multi-step grievance procedure with an appeals process would correct any potential deficiency arising from the . . . initial review."  Docket No. 59 at 8.

[9]Moreover, the documents submitted by plaintiff reveal that the property was confiscated because it violated a prison policy limiting the amount of personal papers an inmate may retain in his cell.  Plaintiff was then afforded the opportunity to provide a mailing address and postage for the confiscated property so as to avoid its destruction.  *See Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th Cir. 2002) (concluding that, because plaintiff "had every opportunity to dictate where his property should go, but refused to do so, . . . . it was entirely proper for the prison authorities to dispatch [plaintiff's] property in the manner they did"); *see also Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("While an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the

process claim arising out of the confiscation and destruction of his property.

### C. Amendment of Pleadings

The magistrate judge recommended that the Court deny plaintiff's motion to amend the complaint as futile in that it only sought to name defendants in both their individual and official capacities.  Plaintiff interposes no objection to this aspect of the Recommendation.  For the reasons outlined above, plaintiff has failed to state a claim against defendants in their individual capacities.  Furthermore, plaintiff may not assert a *Bivens* action against defendants in their official capacities. *See Correctional Services Corporation v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a [Bureau of Prisons ('BOP')] facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("[A] *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity").  Therefore, the Court finds there is "no clear error on the face of the record," Fed. R. Civ. P. 72(b), Advisory Committee Notes, and accepts the Recommendation's conclusion that plaintiff's motion to amend the complaint must be denied as futile.

The magistrate judge further recommends that plaintiff's fifth and sixth claims, which relate to the confiscation and destruction of his property, should be dismissed with prejudice.  While "ordinarily the dismissal of a pro se claim under Rule 12(b)(6)

----

right to own property and the right to possess property while in prison.").

should be without prejudice," *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010),

the Court concludes that any attempt by plaintiff to reassert a *Bivens* action arising out

of the property destruction would be futile.  *See Brereton v. Bountiful City Corp.*, 434

F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a

complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would

be futile.") (citation omitted); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)

("Dismissal of a pro se complaint for failure to state a claim is proper only where it is

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile

to give him an opportunity to amend.") (quotation marks, citation, and alteration

omitted).  Although the Recommendation concluded that amendment would be futile in

light of plaintiff's failure to assert a viable claim, the Court also notes that the

documents plaintiff supplies indicate that his property was destroyed in April 2008, but

plaintiff did not initiate this lawsuit until late July 2010.  *See Trujillo v. Simer*, 934 F.

Supp. 1217, 1226 (D. Colo. 1996) ("A *Bivens* claim is subject to the general personal

injury statute of limitations of the state where the claim arose . . . .  Colorado's general

statute of limitations for personal injury claims provides that a claim must be brought

within two years after the action accrues.").  Defendants did not seek dismissal of the

present claims on statute of limitations grounds; however, "[a]mendment would be futile

when a claim is barred by the statute of limitations."  *Rocha v. Zavaras*, 2011 WL

1154636, at *3 (D. Colo. March 29, 2011); *see Mercer-Smith v. New Mexico Children,

Youth and Families Dept.*, 416 F. App'x 704, 713 (10th Cir. 2011) ("It would be futile to

permit the Mercer-Smiths to amend their complaint because amendment will not

change the fact that the statute of limitations bars their § 1983 claim and state law claims against the individual defendants.").  Accordingly, because of the reasons stated by the magistrate judge and, alternatively, due to the statute of limitations, plaintiff's proposed amendment would be futile and the Court will dismiss plaintiff's fourth and fifth claims for relief with prejudice.

### D.  Plaintiff's Motion for Appointment of Counsel

Plaintiff objects [Docket No. 26] to the magistrate judge's denial [Docket No. 21] of plaintiff's motion for appointment of counsel [Docket No. 19].  The Court has identified nothing in the magistrate judge's order "that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that, to the extent indicated above, the Recommendation of United States Magistrate Judge [Docket No. 59] is ACCEPTED.  It is further

**ORDERED** that plaintiff's motion for leave to amend plaintiff's complaint [Docket 41] is DENIED.  It is further

**ORDERED** that plaintiff's objections [Docket No. 26] to the magistrate judge's order [Docket No. 21] denying plaintiff's motion for appointment of counsel [Docket No. 19] are OVERRULED.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 27] is GRANTED. Plaintiff's first, second, third, and fourth claims for relief are dismissed without prejudice,

and plaintiff's fifth and sixth claims for relief are dismissed with prejudice.  This case is

dismissed in its entirety, and judgment shall enter accordingly.


DATED September 29, 2011.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge